IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SIDNEY AIMES                                                                                           PLAINTIFF

v.                          Civil No.  5:16-cv-05293

DETECTIVE COREY WHELCHEL;
DETECTIVE MIKE BALL; DETECTIVE
STANLEY JOHNSON; DETECTIVE
TYLER MOORE; DETECTIVE PRESTON
OSWALT; and DETECTIVE MICHAEL
SPARKMAN                                                                                           DEFENDANTS

**AMENDED REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before me on the motion to dismiss (Doc. 12) and the motion to stay (Doc. 9) filed by Separate Defendants Detective Stanley Johnson and Detective Sparkman.  The remaining Defendants have joined in the motion to dismiss.  Plaintiff has not responded to the motion.

**1. Background**

According to the allegations of the Complaint (Doc. 1), on July 2, 2016, Defendants entered the Plaintiff's apartment without a valid warrant.  On June 24, 2016, Detective C. Whelchel requested and received a search warrant.  The warrant stated it had to be executed within 7 days after issuance.  Plaintiff alleges Defendants executed the warrant on July 1, 2016, which he maintains was the 8th day after issuance.

Plaintiff also claims the Defendants violated his privacy when on May 5, 2016, June 7, 2016, and June 22, 2016, they sent a confidential informant (CI) into his apartment to make a

controlled buy. The CI was wearing a transmitter. Plaintiff contends this was done without a warrant or a judge's order. As such, he maintains this violated his constitutional rights.

**2. Discussion**

**(A). Motion to Dismiss**

The search warrant was issued on June 24, 2016, and served on July 1, 2016. Defendants assert July 1st was the seventh day after issuance. Plaintiff maintains July 1st was the eighth day after issuance. The difference is Defendants begin counting time the day after issuance while Plaintiff counts the day of issuance.

**(B). Motion to Stay**

Defendants maintain that because of the ongoing state criminal matter, State v. Aimes, CR-16-1822, pending in the Washington County Circuit Court, that this case should be stayed and administratively terminated. The Court has verified through publicly available records that the state criminal case is currently pending before Judge Mark Lindsay.

Defendants maintain that the Court should abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). In Younger, "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under Younger "is warranted if [1] the action complained of constitutes the basis of an ongoing state judicial proceeding, [2] the proceedings implicate important state interests, and [3] an adequate opportunity exists in the state proceedings to raise constitutional challenges." Id. (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff's claims stem from the fact that he was arrested and charged with various drug related offenses. These charges are currently pending. The issue of whether his home was

illegally searched, whether the evidence should be suppressed, and whether probable cause existed for his arrest can be litigated in the state court criminal case. To allow Plaintiff's action to proceed at this point would require this Court to interfere in ongoing state criminal proceedings, and this Court will not do absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

### 3. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 12) be **DENIED WITHOUT PREJUDICE.** In the event this case is reopened, Defendants should be instructed to re-submit their motion to dismiss.

Alternatively, I recommend the motion to stay (Doc. 9) be **GRANTED.** Plaintiff's claims should be stayed and administratively terminated during the pendency of his criminal action. Yamaha Motor Corp. v. Stroud, 179 F.3d 598, 603-04 (8th Cir. 1999)(stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional).

DATED this 3rd day of March 2017.

/s/ *Erin L. Setser*
　　HON. ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE