IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SIDNEY AIMES                                                                    PLAINTIFF

V.                          CASE NO. 5:16-CV-05293

DETECTIVE COREY WHELCHEL;
DETECTIVE MIKE BALL;
DETECTIVE STANLEY JOHNSON;
DETECTIVE TYLER MOORE;
DETECTIVE PRESTON OSWALT; and
DETECTIVE MICHAEL SPARKMAN                                        DEFENDANTS

## OPINION AND ORDER

Now pending before the Court is the Amended Report and Recommendation ("R&R") (Doc. 36) filed on March 3, 2017, by United States Magistrate Judge Erin L. Weidemann.[1] Objections to the R&R were due by March 20, 2017, and none were filed. The R&R recommended that the Court deny without prejudice Defendants' Motion to Dismiss (Doc. 12) and administratively terminate the case during the pendency of a state criminal action involving Plaintiff Sidney Aimes. By way of background, the civil rights case that Mr. Aimes filed in this Court (Doc. 1) alleges violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, due to Defendants' use of an allegedly invalid warrant to search his apartment and van. The search yielded certain evidence that implicated Mr. Aimes in felony drug charges brought in Washington County Circuit Court. While these criminal charges were still pending, Mr. Aimes filed a Supplement to the Complaint (Doc. 33), in which he charged Defendants with further violating his constitutional rights by

---

[1] Judge Erin L. Setser at the time of the filing of the R&R.

confiscating some of his personal property during the search of his apartment and van, and destroying other personal property of his during the course of the search.

Due to the pendency of the state criminal proceedings, the Court was prepared to act on the recommendation of the Magistrate Judge and order the case stayed or administratively terminated; however, on March 31, 2017, Defendants filed a Notice (Doc. 40), advising the Court that Mr. Aimes' criminal case had been fully resolved, and that he pleaded guilty to seven separate drug charges and was sentenced to a term of imprisonment. *See* Doc. 40-1. Also on March 31, Mr. Aimes filed a Motion to Withdraw all of the claims he made in his original Complaint (Doc. 1), without prejudice. *See* Doc. 41. He also asked in the same Motion that the claims stated in the Supplement to the Complaint (Doc. 33) remain for adjudication and not be withdrawn.

In light of the above-mentioned developments in Mr. Aimes' criminal case, the Court finds it no longer necessary to administratively terminate and/or stay the instant matter. The Court **DECLINES TO ADOPT** the R&R (Doc. 36) and also **DENIES** Defendants' Motion to Stay (Doc. 9). Mr. Aimes' Motion to Withdraw (Doc. 41) is **GRANTED**, which means that all claims asserted in the original Complaint (Doc. 1) are **DISMISSED WITHOUT PREJUDICE**. In addition, Defendants' Motion to Dismiss (Doc. 12), which requested dismissal of the claims in the original Complaint, is now **MOOT**.

The effect of the above rulings means that the only remaining claims in this lawsuit are those that Mr. Aimes asserted in his Supplement to the Complaint (Doc. 33). In the Supplement, he alleges that his procedural due process rights were violated as a result of the wrongful seizure of certain personal property that was located in his apartment and

2

van, which was not related to any criminal activity. Mr. Aimes also contends that some of his personal property was damaged and/or destroyed by the police officers who conducted the search. He asks that the confiscated personal property be returned and that he receive money damages for the destroyed property.

As a threshold matter, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). *See also Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994) (allegations of inadvertence, negligence, or even gross negligence are insufficient to state a claim under § 1983). The Supplement to the Complaint is deficient in that it fails to clearly state whether Defendants intentionally and recklessly confiscated or destroyed property, or whether they did so in a negligent way. Furthermore, although the initial deprivation of Mr. Aimes' property—which occurred during the execution of a valid search warrant—did not implicate his due process rights, *see Walters v. Wolf*, 660 F.3d 307, 314 (8th Cir. 2011) (explaining that "[w]hen seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well." (internal quotation and citation omitted)), if his property was confiscated in error, and the state refused to return it, or if his property was destroyed in reckless or intentional fashion, these situations could violate Mr. Aimes' due process rights. Before the Court may determine this, though, it is incumbent on Mr. Aimes to establish that he at least attempted to exhaust the post-deprivation remedies available to him by the state of Arkansas prior to pursuing federal action. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due

3

process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).

It does not appear, from the face of the Supplement, that Mr. Aimes made a written request to the police department for the return of his property and/or a complaint to the department concerning any intentional or reckless destruction of his property. In addition, Rule 15.2 of the Arkansas Rules of Criminal Procedure allows an individual from whose person, property, or premises things have been seized to "move the court to whom the warrant was returned, or the court having jurisdiction of the offense in question, as the case may be, to return things seized to the person or premises from which they were seized." Ark. R. Crim. P. 15.2(a)(ii). It does not appear that Mr. Aimes filed a motion for return of seized items in state court under Rule 15.2. It also does not appear that he filed a complaint with the Arkansas State Claims Commission for the unlawful taking of property—which is yet another method of securing post-deprivation relief. *See Willis Smith & Co., Inc. v. Ark.*, 548 F.3d 638, 640 (8th Cir. 2008) (noting that Arkansas provides adequate post-deprivation remedy for the state's alleged taking of property through the Arkansas Claims Commission).

To state a claim upon which relief can be granted, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Here, even construing Mr. Aimes' Supplement broadly in his favor, he has failed to state sufficient facts to show that he exhausted the administrative remedies available to him through the state of Arkansas for the return of erroneously confiscated property or for

4

the reimbursement of recklessly or intentionally destroyed property; and he has failed to plead that the state's post-deprivation remedies are inadequate and cannot provide him meaningful relief. His lawsuit is therefore premature and will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for failure to state a claim pursuant to Rule 12(b)(6). *See Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991) (holding that a district court may dismiss a complaint under Rule 12(b)(6), *sua sponte*, at any time after service of process).

**IT IS SO ORDERED** on this 7th day of April, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE